THE LITTLE MIAMI, COLUMBUS AND XENIA R. R. Co., Plaintiff in Error, *v.* J. A. DODDS & Co., Defendants in Error.

A common carrier having given a bill of lading for goods, can not relieve himself from liability on the ground that the goods were never received by him, except by the clearest proof of that fact.

The facts appear in the opinion.

*D. T. Wright,* for plaintiff in error.

*Coffin & Mitchell,* contra.

Error to refusal of the court below to grant motion for a new trial made by defendant.

STORER, J.   The action was brought to recover of the defendants the value of two hogsheads of tobacco, received by the agent of the defendants at Louisville, Ky., to be transported from that city to Boston, Mass.

A bill of lading, acknowledging the receipt of the property, was signed by the agent of the defendants and delivered to the plaintiff's agent, in which the plaintiffs were named as the consignees at Boston.   On the trial, before a jury, at Special Term, the only question really discussed was, whether the tobacco had ever been delivered to the carriers.

To prove the affirmative the plaintiffs produced the bill of lading, and one of them testified they had never received the property from the carriers.   On the other hand, the agent who signed the contract being dead, several witnes-

ses were examined, by whom it was claimed the fact relied upon by the defendants was established.

It appeared in the evidence that Emlen, the agent of the plaintiffs, had been for several years the purchaser, on their account; of large quantities of tobacco, which, during the months of July, August, and September, 1864, had been carried by the defendants, without loss, except as to the two hogsheads in controversy. Emlen had bought the tobacco at auction, at the Boone Tobacco warehouse in Louisville, where it was then stored. By the custom of the trade, the owners of the warehouse issue to the purchasers a certificate for each package, and on 3d day of August, 1864, gave to Emlen two certificates, one for a hogshead marked No. 19,228, weighing gross 2,210, net 2,030, for which they had been paid $732.30, and another certificate for a hogshead No. 21,080, weighing gross 1,710, net 1,570, for which $484.27 had been paid; which certificate obligates the warehouseman to deliver the property to the vendee. These certificates are called "tobacco notes." They were delivered to the defendant's agent by Emlen, to obtain the tobacco for shipment; and in return the bill of lading was given, upon which the plaintiffs seek to recover. The tobacco notes were given up to the warehouseman by the defendant's agent and canceled.

To explain the testimony thus offered, the deposition of the agent of a transfer company, whose business it was to carry freight from warehouses to steamboats and railroad depots, was read. He stated that the tobacco was never received by that company, but no witness connected with the defendant's agency corroborated the transfer agent.

The whole question was left to the jury, who found a verdict for the plaintiff.

We are asked to set this verdict aside. First, because it was against the evidence. Second, because it was against the law.

An examination of the testimony convinces us that we

should have decided the case for the plaintiffs if it had been heard on submission.

It would be a dangerous rule to adopt, to permit a contract like this to be discharged except upon the clearest evidence. We find no mistake was proved, no fraud pretended, but the mere fact of the non-delivery to the consignee at Boston, when all the other packages arrived safely, may, it is urged, give rise to the presumption that the defendant never received the missing hogsheads. Mere presumption of non-delivery to the carrier after he has once admitted the fact of its receipt, can not and ought not outweigh his formal written admission.

The questions of law presented by the record do not, we are satisfied, affect the decision of the case. The judge charged as favorably for the defendant as the facts proved would permit him, nor can the objections taken to the admission of testimony be sustained.

In the leading case of *Lickbarrow* v. *Mason*, 2 Term, 75, Buller, J., said: " A bill of lading is an acknowledgment by the captain of having received the goods on board his ship; therefore, it would be a fraud in him to sign such an instrument if he had not received the goods," and this was the established doctrine for many years afterward, though it is now the admitted law that the carrier may explain his contract by proof of all the attendant circumstances. 1 Parsons' Mar. Law, 137, and cases cited.

When we consider that a bill of lading, if indorsed by the consignee, passes his title to the property, and even if delivered without indorsement to a third party, creates an equitable lien in his favor, who has received it for value, which courts will protect, it becomes our duty in every proper case to enforce the carrier's liability upon his contract.

If we apply the rule we have indicated to the case before us, we are satisfied, both on the law and the evidence, that the motion for a new trial should be overruled and judgment entered on the verdict.

Motion overruled.